## PACIFIC INDEMNITY CO. v. UNITED STATES.

### No. 7089.

Circuit Court of Appeals, Ninth Circuit.

May 15, 1933.

Donald Armstrong, of Los Angeles, Cal., for appellant.

John R. Layng, U. S. Atty., and Lewis M. Andrews and Clyde Thomas, Asst. U. S. Attys., all of Los Angeles, Cal.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

March 22, 1929, one Gingras was arraigned before the United States commissioner at Los Angeles on an affidavit of complaint charging Gingras and one Bomberg with a violation of section 593 of the Tariff Act of 1922 (19 USCA §§ 496, 497), in that they imported 264 cases of intoxicating liquor into the United States on March 20, 1929. Appellant surety company posted a $2,500 bail bond for Gingras with the commissioner.

May 4, 1929, after several continuances of the hearing before the commissioner, the defendants waived examination and were held to answer to the grand jury.

Thereafter, on July 23, 1929, the United States attorney filed an information against the defendants charging them with possession of the above-mentioned intoxicating liquor in violation of the National Prohibition Act (27 USCA § 1 et seq.); the case being docketed as No. 9760–H in the court below.

February 14, 1930, Gingras posted a $1,-000 bail bond in case No. 9760–H; appellant again acting as his surety.

March 20, 1930, the complaint filed before the commissioner and the $2,500 bail bond previously filed with the commissioner were filed in the office of the clerk of the court below.

Thereafter, on April 9, 1930, the grand jury returned an indictment against the defendants and another charging a conspiracy to violate the National Prohibition Act and the Tariff Act, the case being docketed as No. 9992–M in the court below.

September 2, 1930, the United States commissioner signed an exoneration of the $2,500 bond, believing that it had been automatically exonerated by the posting of the $1,000 bond by Gingras in case No. 9760–H.

February 12, 1931, the United States attorney's office notified appellant that case No. 9992–M would come up for trial on February 17, 1931; that the $2,500 bond of the defendant Gingras was posted therein; and that it would be forfeited if the defendant did not appear for trial. The bond was declared forfeited by order of the court on February 17, 1931, when Gingras failed to appear for trial.

May 23, 1932, a writ of scire facias issued out of the court below to collect the $2,500 forfeited bond, and from a judgment entered in favor of the government, the surety has prosecuted this appeal.

The seventh paragraph of the findings of fact made by the court is as follows:

"The Court finds that the allegation in the answer of the defendant Pacific Indemnity Company, a corporation, filed June 10, 1932, that the said recognizance was wrongfully and inadvertently filed in the case of United States v. C. A. Bomberg et al., No. 9992–M, in that said recognizance on September 2, 1930, was exonerated by David B. Head, United States Commissioner for the Southern District of California, at Los Angeles, and on said September 2, 1930, was of no force and/or effect, is not true.

"And the Court further finds that the allegation of said answer that said recognizance when it was originally filed in the office of the Clerk of the above-named District Court on February 12, 1931, was filed in the case of United States v. C. A. Bomberg et al., No. 9760–H, is not true, and the allegation that thereafter at a date unknown to this answer-

ing defendant '9760–H' was crossed out and '9992–M' inserted in place thereof is not true; and in this connection finds it to be a fact that said recognizance was never filed in case No. 9760–H, but was originally filed on February 12, 1931, in case No. 9992–M; and that the number '9760–H' was written on said recognizance on said February 12, 1931, by mistake and crossed out and the number '9992–M' inserted on said February 12, 1931, all of which occurred at the time said recognizance was filed in said case No. 9992–M."

From the facts as found, of which only paragraph 7 has been quoted, the court drew the following conclusions of law:

"I. The Court finds that United States Commissioner David B. Head lost jurisdiction over his case No. 2040 A. R. Gingras et al. when he referred the matter to the United States Grand Jury on May 4, 1929, and his attempted exoneration of said Twenty-five Hundred Dollar ($2,500.00) bond on September 2, 1930, was void and ineffective.

"II. The Court finds that said Twenty-five Hundred Dollar ($2,500.00) bond was not a temporary bond.

"III. The defendant A. R. Gingras having failed to appear when his case was called on February 17, 1931, and his surety, the Pacific Indemnity Company, a corporation, having failed to bring into court the body of said Gingras on said February 17, 1931, there was a default on the part of both principal and surety.

"IV. The offense, to-wit: the violation of section 593 of the Tariff Act of 1922, named in said bond, and the additional statement in said bond as to the said defendant appearing and answering said charge or any matter or thing that may be objected against him in complaint before the United States Commissioner, or Information or Indictment filed in the District Court wherever and whenever the same may be called or prosecuted, covers a subsequent Indictment charging the said defendant with conspiracy to violate the National Prohibition Act and conspiracy to violate the Tariff Act.

"V. The subsequent filing of the One Thousand Dollar ($1,000.00) bond in the Information case charging defendant Gingras with possession of liquor, No. 9760–H, did not automatically exonerate the said Twenty-five Hundred Dollar ($2,500.00) bond filed with the Commissioner on March 22, 1929. Said bond could only be exonerated by order by a United States District Judge."

The surety contends that its obligation under the bond is in the alternative rather than the conjunctive, that is, that it was bound to answer to either an indictment or information, but not to both. But we do not believe that the wording of the bond permits of such a construction. It reads: "Now, therefore, if the said A. R. Gingras shall appear and answer said charge or any matter or thing that may be objected against him in complaint before the United States Commissioner or information or indictment filed in the District Court wherever and whenever the same may be called or prosecuted * * * then shall this recognizance be void * * *."

It is admitted that the bond is a continuing bond, intended to avoid the necessity of furnishing a new bond when and if a true bill was returned by the grand jury. The fact that both an indictment and information were filed does not, in our opinion, violate the terms of the bond or relieve the surety from its obligation thereunder, especially in view of the fact that the offenses charged in the information and indictment arose out of the same facts which required the execution of the bond in the first instance.

There is no merit in the contention that the $2,500 bond was automatically exonerated by the filing of the $1,000 bond in case No. 9760–H; nor in the contention that the evidence is insufficient to support the judgment.

Affirmed.